David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*

------------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO. LTD. | : | ECF CASE |
| Plaintiff, | : | |
| | | 07 Civ. 3874 (CM) (HBP) |
| - against - | : | |
| | | **AMENDED COMPLAINT** |
| EVERGREEN MARINE CORPORATION; | : | |
| UNION PACIFIC RAILROAD COMPANY; | | |
| | : | |
| Defendants. | | |
| | : | |

------------------------------------------------------------------x

Plaintiff Mitsui Sumitomo Insurance Co. Ltd., through its undersigned attorney, alleges as follows for its amended complaint against defendants upon information and belief:

### FIRST CAUSE OF ACTION

1.      This action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of goods moving from a foreign country to the United States under a through bill of lading relating to substantial ocean carriage as well as interstate rail carriage governed by federal statute, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906)

(current version at 49 U.S.C. § 11706).  The Court also has supplemental jurisdiction

pursuant to 28 U.S.C. §1367 as to certain aspects of the claims in suit.

2.       Plaintiffs seek recovery for cargo loss and damage caused by defendants'

breaches of contract and torts.

3.       Plaintiff Mitsui Sumitomo Insurance Co. Ltd. ("Mitsui") is a corporation

organized under the laws of Japan with its principal place of business in Tokyo. Mitsui

sues herein as subrogated insurer the cargo in suit having paid the insurance claim of

Asmo North Carolina, Inc., who was at all material times the consignee, purchaser, and

owner of the shipment.

4.       Mitsui sues herein on its own behalf and for and on behalf of the shipper,

consignee and/or owner of the cargo, and the holder of the subject bill of lading, as their

respective interests may now or ultimately appear.

5.       Defendant Evergreen Marine Corporation ("Evergreen") is believed to be

a corporation organized under the laws of, and with its principal place of business in, a

foreign sovereign.

6.       Defendant Union Pacific Railroad Company ("Union Pacific") is believed

to be a corporation organized under the laws of, and with its principal place of business

in, certain of the fifty states.

7.       Upon information and belief defendants at all material times conducted

business as common carriers of cargo for hire, and the provision of services related

thereto, including the pick up, carriage and delivery of cargo within the State of New

York, and the contracting to provide such services to entities domiciled in New York and

are therefore subject to the *in personam* jurisdiction of this Honorable Court.

8.      In addition, the Evergreen bill of lading includes terms which provide for adjudication of disputes in the United States District Court for the Southern District of New York.

9.      This action involves damage and loss to a shipment of motors and motor parts for automobiles which moved, or were intended to move, on a door-delivery basis from Shimizu, Japan, to Statesville, North Carolina, with ocean carriage from Shimizu to the port of Los Angeles aboard the M/V EVER UNION, voyage 0204-076E.  The shipment is described more fully in the annexed Schedule A, which is incorporated herein by reference.

10.     On or about March 14, 2006 the shipment was delivered to Evergreen, or entities acting on its behalf, in full, complete and good order and condition at or near the designated place of receipt or port of loading in Japan, as described more fully in Evergreen bill of lading EISU025643005523 dated on or about March 14, 2006.

11.     The Evergreen bill of lading was an intermodal through bill, meaning that it contemplated multiple modes of transportation, including ocean carriage from Japan to the United States and interstate rail carriage from the port of discharge to final destination.

12.     Evergreen    provided    shipping    containers    TRIU5559381    and UGMU8062288 for the entire transport of the shipment from the place of receipt to the place of intended delivery and the motors and motor parts in question were loaded into said containers in good order and condition and without evidence of damage.

13.     Evergreen carried the shipment by ocean vessel, represented to be the M/V EVER UNION, from Shimzu, Japan, to Los Angeles, California.

14.     At the port of Los Angeles the shipment was transferred from Evergreen's ship to Evergreen's designated rail carrier, Union Pacific, for rail carriage to North Carolina.

15.     Union Pacific formulated electronic waybills covering the interstate rail carriage of the shipment to final destination.

16      On or about April 5, 2006, while Union Pacific was transporting the shipment still loaded in the Evergreen-provided containers, defendants contend that the subject motors and motor parts sustained damage as the result of a derailment which occurred at or near Higginson, Arkansas,

17.     As a result of the damage sustained, the cargo was rendered unfit for intended usage.

18.     By reason of the aforesaid, plaintiff, and those on whose behalf it sues, sustained damages in the amount of $440,275.57, no part of which has been paid although duly demanded, and for which defendants are jointly and severally liable as common carriers, bailees, forwarders and/or warehouseman for hire.

19.     Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

20.     All conditions precedent have been performed by or on behalf of plaintiff.

### SECOND CAUSE OF ACTION

21.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 of this complaint.

22.     With respect to the interstate rail carriage of the cargo from the port of discharge to the intended final destination, Union Pacific was at all material times

engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

23.    With respect to the interstate rail carriage of the cargo from the port of discharge to the intended final destination, Evergreen was at all material times engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

24.    The damage sustained to the shipment in suit was proximately caused by events during interstate rail carriage while the shipment was in the actual, constructive, or contractual custody of Evergreen, Union Pacific, and entities acting on their behalf.

25.    The damage to the shipment was not caused by events which would constitute a defense or exception to liability under the Carmack Amendment.

26.    As a result of the aforesaid, defendants are liable, without limitation of any kind, as carriers and/or forwarders under the Carmack Amendment.

### THIRD CAUSE OF ACTION

27.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 20 of this complaint.

28.    Defendants agreed and promised to perform services and act as carrier or bailee of the shipment, and defendants are liable to plaintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

**FOURTH CAUSE OF ACTION**

29.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 20 of this complaint.

30.     Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which was reasonably required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

31.     The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

**FIFTH CAUSE OF ACTION**

32.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 20 of this complaint.

33.     The loss and damage to the shipment in suit was caused in whole or in part by defendants' material deviations from, and their fundamental breaches of, the governing carriage contracts.

**SIXTH CAUSE OF ACTION**

34.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 20 of this complaint.

35.     At all material times Union Pacific had a duty to comply with applicable regulations, rules, statutes, codes and practices relating to the positioning of stationary or standing trains along main tracks and sidings, and in particular with respect to the proximity of such stationary or standing trains to highway-rail grade crossings.

36.    The derailment and resulting damage to the cargo in suit was caused or contributed to by Union Pacific's negligence with respect to the positioning of a stationary train, believed to be a Union Pacific coal train CNANW02, standing on a track alongside and parallel to the track on which a north-bound Union Pacific train approached Milepost 300 at or near Higginson, Arkansas.

37.    At the time the derailment occurred the aforesaid Union Pacific train CNANW02 was standing in close proximity to a highway-rail grade crossing, thereby violating applicable regulations, rules, statutes, codes and practices and causing or contributing to the cause of the derailment.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants Evergreen Marine Corporation and Union Pacific Railroad Company, jointly and severally:

a)    for the sum of $440,275.57;

b)    for prejudgment interest at the rate of 9% per annum;

c)    for the costs  of this action;

d)    for such other and further relief as this Court deems proper and just.

Dated:   New York, New York
          August 7, 2007                          LAW OFFICES,
                                                  DAVID L. MAZAROLI

                                                  *s/David L. Mazaroli*
                                        _____
                                                  David L. Mazaroli (DM 3929)
                                                  Attorney for Plaintiffs
                                                  11 Park Place - Suite 1214
                                                  New York, New York 10007
                                                  Tel.: (212)267-8480
                                                  Fax.: (212)732-7352
                                                  E-mail: dlm@mazarolilaw.com
                                                  File No.: 7MSI-1491

## SCHEDULE A

| | |
|---|---|
| Subrogated Insurer: | Mitsui Sumitomo Insurance Co. Ltd. |
| Shipper: | Asmo Co., Ltd. |
| Consignee/Subrogor: | Asmo North Carolina, Inc. |
| Vessel: | M/V "EVER UNION" |
| Voyage: | 0204-076E |
| Port of Loading: | Shimizu, Japan |
| Port of Discharge: | Los Angeles, CA |
| Destination | Stateville, NC |
| Bill of Lading: | EISU025643005523 (document no. S6-00390 A) |
| Dated: | March 14, 2006 |
| Container Nos.: | TRIU5559381 and UGHU8062288 |
| Commodity: | 165 cartons of motor & motor parts for automobile |
| Claim Amount: | $440,257.57 |
| Mitsui  File: | MSI-06-5-2653 |
| Evergreen Ref.: | UNIO076002/D/06/LK |
| Union Pacific Ref.: | 442008 |
| DLM File: | 7MSI-1491 |