# EXHIBIT 3

MAZ. AFF.

Case 1:07-cv-03874-CM-HBP   Document 26-4   Filed 02/04/2008   Page 1 of 11

8966/PMK
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD.<br><br>　　　　　　　Plaintiff,<br><br>against<br><br>EVERGREEN MARINE CORPORATION and UNION PACIFIC RAILROAD CO.<br><br>　　　　　　　Defendants. | 07 CV 3874<br>ECF<br><br>EVERGREEN MARINE CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT |

Defendant EVERGREEN MARINE CORPORATION (hereinafter "EMC") by and through its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, upon information and belief, Answers the Plaintiff's, Mitsui Sumitomo Insurance Co., Ltd. (hereinafter referred to as "plaintiff"), Amended Complaint 07 CV 3874 as follows:

### FIRST CAUSE OF ACTION

1.　　EMC admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC 1333. Except as so specifically admitted EMC denies the remaining allegations in paragraph 1 of Plaintiff's amended complaint.

2.　　EMC denies all the allegations against it in paragraph 2 of Plaintiff's amended complaint. Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to

contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

3. EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 3 of Plaintiff's amended complaint.

4. EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 4 of Plaintiff's amended complaint.

5. Admits that EMC is a foreign corporation which has an agent, EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION, with an office at One Evertrust Plaza, Jersey City, New Jersey 07302; except as so specifically admitted EMC denies all the remaining allegations in paragraph 5 of Plaintiff's amended complaint.

6. EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 6 of Plaintiff's amended complaint.

7. EMC admits that it is a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998; except as so specifically admitted EMC denies all the remaining allegations contained in paragraph 7 of Plaintiff's amended complaint. Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

8. EMC admits that the EMC bill of lading contains a provision that, where the shipment is to or from the United States, all claims arising thereunder must be brought and heard solely in the U.S. District Court for the Southern District of New York.

9. EMC admits that on or about March 14, 2006, "shipper's load and count" containers numbered TRIU5559381 and UGHU8062288, said to contain "motor & motor parts for automobile" were shipped from Seimizu, Japan to the United States aboard the MV EVER UNION pursuant to all the terms and conditions of the applicable Sea Waybill contract EISU025643005523; except as so specifically admitted, EMC denies all the allegations contained in paragraph 9 of Plaintiff's amended complaint.

10. EMC admits that on or about March 14, 2006, "shipper's load and count" containers numbered TRIU5559381 and UGHU8062288, said to contain "motor & motor parts for automobile" were shipped from Seimizu, Japan to the United States aboard the MV EVER UNION pursuant to all the terms and conditions of the applicable Sea Waybill contract EISU025643005523; except as so specifically admitted, EMC denies all the allegations contained in paragraph 9 of Plaintiff's amended complaint.

11. EMC admits that it issued the applicable through Sea Waybill contract EISU025643005523 which designated "Shinizo CY" in the Place of Receipt box; "Seimizu, Japan" in the Port of Loading box; "Los Angeles" in the Port of Discharge box; and "Statesville, N.C., Door" in the Place of Delivery box; except as so specifically admitted, EMC denies all the allegations contained in paragraph 11 of Plaintiff's amended complaint.

12. EMC admits that containers numbered TRIU5559381 and UGHU8062288 were assigned to the subject shipment as identified on the underlying Sea Waybill; except as so specifically admitted, EMC denies all the allegations contained in paragraph 12 of Plaintiff's amended complaint.

13. EMC admits that on or about March 14, 2006, "shipper's load and count" containers numbered TRIU5559381 and UGHU8062288, said to contain "motor & motor parts for automobile" were shipped from Seimizu, Japan to the United States aboard the MV EVER UNION pursuant to all the terms and conditions of the applicable Sea Waybill contract EISU025643005523; except as so specifically admitted, EMC denies all the allegations contained in paragraph 13 of Plaintiff's amended complaint.

14. EMC admits that the containers numbered TRIU5559381 and UGHU8062288 identified on the underlying Sea Waybill contract EISU025643005523 were discharged at the Port of Los Angeles and transferred to EMC's independent subcontracted rail carrier; except as so specifically admitted, EMC denies all the allegations contained in paragraph 14 of Plaintiff's amended complaint.

15. EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 15 of Plaintiff's amended complaint; Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

16. EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 16 of Plaintiff's amended complaint; Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

17. EMC denies all the allegations set forth in paragraph 17 of Plaintiff's amended complaint.

18. EMC denies all the allegations set forth in paragraph 18 of Plaintiff's amended complaint.

19. EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 19 of Plaintiff's amended complaint.

20. EMC denies all the allegations set forth in paragraph 20 of Plaintiff's amended complaint.

## SECOND CAUSE OF ACTION

21. EMC repeats and realleges each and every each and every answer, denial, denial of knowledge and information in Paragraphs 1-20 of its Answer as if set forth herein at length.

22. EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 22 of Plaintiff's amended complaint; Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

23. EMC denies all the allegations set forth in paragraph 23 of Plaintiff's amended complaint.

24. EMC denies all the allegations set forth in paragraph 24 of Plaintiff's amended complaint; Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

25. EMC denies all the allegations set forth in paragraph 25 of Plaintiff's amended complaint.

26. EMC denies all the allegations set forth in paragraph 26 of Plaintiff's amended complaint.

### THIRD CAUSE OF ACTION

27. EMC repeats and realleges each and every each and every answer, denial, denial of knowledge and information in Paragraphs 1-26 of its Answer as if set forth herein at length.

28. EMC denies all the allegations set forth in paragraph 28 of Plaintiff's amended complaint.

### FOURTH CAUSE OF ACTION

29. EMC repeats and realleges each and every each and every answer, denial, denial of knowledge and information in Paragraphs 1-28 of its Answer as if set forth herein at length.

30. EMC denies all the allegations set forth in paragraph 30 of Plaintiff's amended complaint.

31. EMC denies all the allegations set forth in paragraph 31 of Plaintiff's amended complaint.

### FIFTH CAUSE OF ACTION

32. EMC repeats and realleges each and every each and every answer, denial, denial of knowledge and information in Paragraphs 1-31 of its Answer as if set forth herein at length.

33.	EMC denies all the allegations set forth in paragraph 33 of Plaintiff's amended complaint.

## SIXTH CAUSE OF ACTION

34.	EMC repeats and realleges each and every each and every answer, denial, denial of knowledge and information in Paragraphs 1-33 of its Answer as if set forth herein at length.

35.	EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 35 of Plaintiff's amended complaint; Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

36.	EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 36 of Plaintiff's amended complaint; Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

37.	EMC denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 37 of Plaintiff's amended complaint; Further, defendant EMC is not required to respond to the allegations directed at any other party; to the extent that any of the allegations are somehow construed to contain any allegation or assertion of liability directed at EMC, said allegation or assertion is specifically denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. The shipment in question was to be carried from a foreign port to a United States port pursuant to Sea Waybill and EMC's Tariff and was therefore subject to United States Carriage Of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

39. EMC claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or Sea Waybill and its tariff to the full extent as may be applicable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. EMC claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable United States foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. To the extent that the Carmack Amendment is applicable, which is denied as to any alleged liability on behalf of EMC, EMC claims all benefits, defenses and exemptions of the aforementioned statute to the full extent they may be applicable.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Due diligence was exercised on the part of the EMC to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. That if plaintiff's cargo suffered any loss or damage, which EMC denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the

carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. EMC is not responsible for loss or damage arising or resulting from act of public enemies under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(f).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. EMC is not responsible for loss or damage arising or resulting from riots and civil commotions under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(k).

WHEREFORE, Defendant EMC prays that the amended complaint against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
September 5, 2007

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys of Defendant EMC*

By:   S/ Paul M. Keane (PMK-5934)

## CERTIFICATE OF SERVICE BY ECF and US MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On Sept. 5, 2007, I served by ECF and US Mail a complete copy of EVERGREEN MARINE CORPORATION'S answer to the amended complaint with cross claims against co-defendant to the following parties:

Barry N. Gutterman & Associates, P.C.
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, New York 10165
*Attorneys for Union Pacific Railroad*
Your file: UP-2718
212-983-1466

David L. Mazaroli
11 Park Place – Suite 1214
New York, New York 10007
*Attorney for Plaintiff*
212-267-8480

DATED:    Sept. 5, 2007
          New York, New York

                                        S/ Jessica De Vivo    (JAD/6588)
                                            Jessica De Vivo