# EXHIBIT 4

MAZ. AFF.

Barry N. Gutterman, Esq. (BG6410)
Robert Briere Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Union Pacific Railroad Company
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MITSUI SUMITOMO INSURANCE CO., LTD.

          Plaintiffs

v.

EVERGREEN MARINE CORPORATION and UNION PACIFIC RAILROAD COMPANY

          Defendants.

ECF Case

07 CV 3874
(Judge McMahon)

**UNION PACIFIC RAILROAD COMPANY'S
RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant Union Pacific Railroad Company ("UP"), by its attorneys, Barry N. Gutterman & Associates, P.C., Answers to Plaintiff's Request for Admissions upon information and belief as follows:

**Plaintiff's Request #1:**

During the ocean carriage stage of the intermodal transportation which is the subject of this litigation the shipment in suit (hereinafter "The Shipment") was carried aboard the M/V EVER UNION, and/or other vessel(s) operated by or on behalf of defendant Evergreen Marine Corporation ("Evergreen").

Exhibit 4

**RESPONSE:**

UP neither admits nor denies as UP was not involved in the ocean carriage stage of the transportation of the shipment.

**Plaintiff's Request #2:**

The Shipment was carried in containers TRIU5559381 and UGMU8062288 which were provided to the shipper by or on behalf of Evergreen.

**RESPONSE:**

UP neither admits nor denies as UP was not involved in the ocean carriage stage of the transportation of the shipment.

**Plaintiff's Request #3:**

At or near Los Angeles, California, The Shipment was transferred from the Evergreen ocean vessel into the custody of defendant Union Pacific Railroad Co. ("UP") for the rail carriage stage of the transportation which is the subject of the litigation.

**RESPONSE:**

UP admits receiving containers TRIU5559381 and UGMU8062288 from an Evergreen ocean vessel at Los Angeles, California.

**Plaintiff's Request #4:**

The Shipment was received into the custody of UP at or near Los Angeles, California.

**RESPONSE:**

UP admits receiving containers TRIU5559381 and UGMU8062288 from an Evergreen ocean vessel at Los Angeles, California.

**Plaintiff's Request #5:**

When The Shipment was received by UP at or near Los Angeles, California, no exceptions as to damage were noted as to The Shipment or the containers in which it was transported.

**RESPONSE:**

Denied because no inspection was made of the shipment of containers on receipt at rail origin.

**Plaintiff's Request #6:**

The Shipment was carried by UP aboard a train which was intended to move from Los Angeles, California, to a destination in or near Statesville, NC.

**RESPONSE:**

UP admits that the shipment was loaded on a train at or near Los Angeles, California for transportation to the rail destination at Charlotte, North Carolina.

**Plaintiff's Request #7:**

On or about April 5, 2006 the UP train carrying The Shipment derailed at or near Higginson, Arkansas.

**RESPONSE:**

Admits.

**Plaintiff's Request #8:**

As a result of the derailment of the subject UP train cargo shipments carried aboard the train sustained damage.

**RESPONSE:**

Admits.

**Plaintiff's Request #9:**

During the subject rail transportation The Shipment was carried in containers TRIU5559381 and UGMU8062288.

**RESPONSE:**

UP can neither admit nor deny since UP was not present when the containers were loaded.

**Plaintiff's Request #10:**

As a result of the derailment of the subject UP train containers TRIU5559381 and UGMU8062288 sustained damage.

**RESPONSE:**

Admits.

**Plaintiff's Request #11:**

The cargo carried in container TRIU5559381 sustained damage as a result of the aforementioned derailment of the UP train.

**RESPONSE:**

Admits but has no knowledge as to the extent of the damage to the cargo.

**Plaintiff's Request #12:**

The cargo carried in container UGMU8062288 sustained damage as a result of the aforementioned derailment of the UP train.

**RESPONSE:**

Admits but has no knowledge as to the extent of the damage to the cargo.

**Plaintiff's Request #13:**

The claimed damage to The Shipment which is the subject of this action was caused by the aforementioned derailment of the UP train.

**RESPONSE:**

Denies because UP has no knowledge of the condition of the shipment prior to its receipt.

**Plaintiff's Request #14:**

The derailment of the subject UP train was not caused by events which would constitute an

4

"Act of God" defense or exception to liability.

**RESPONSE:**

Admits that an Act of God did not cause the derailment. Answering further, the derailment was caused by a motor vehicle operator pulling in front of the UP train at a highway road crossing.

**Plaintiff's Request #15:**

The derailment of the subject UP train was not caused by events which would constitute an "Act of Public Enemy" defense or exception to liability.

**RESPONSE:**

Admits that an Act of Public Enemy did not cause the derailment. Answering further, the derailment was caused by a motor vehicle operator pulling in front of the UP train at a highway road crossing.

**Plaintiff's Request #16:**

The derailment of the subject UP train was not caused by events which would constitute an "Act of Public Authority" defense or exception to liability.

**RESPONSE:**

Admits that an act of Public Authority did not cause the derailment. Answering further, the derailment was caused by a motor vehicle operating pulling in front of the UP train at a highway road crossing.

**Plaintiff's Request #17:**

The derailment of the subject UP train was not caused by the fault of the shipper or owner of The Shipment.

**RESPONSE:**

Admits.

**Plaintiff's Request #18:**

At all material times UP was engaged in the business of providing common carrier railroad transportation services for compensation.

**RESPONSE:**

Admits.

**Plaintiff's Request #19:**

At all material times Evergreen was engaged in the business of providing common carrier intermodal transportation services for compensation including transportation of cargo from foreign ports to inland destinations in the United States.

**RESPONSE:**

UP neither admits nor denies. This request is directed to Evergreen for a response.

**Plaintiff's Request #20:**

At all material times the intermodal transportation services provided by Evergreen included ocean transportation from the port of vessel loading to the port of vessel discharge.

**RESPONSE:**

UP neither admits nor denies. This request is directed to Evergreen for a response.

**Plaintiff's Request #21:**

At all material times the intermodal transportation services provided by Evergreen included rail transportation from the port of vessel discharge to inland destinations in the United States.

**RESPONSE:**

Denied, except that Evergreen contracted with UP for the domestic rail transportation for the shipment.

**Plaintiff's Request #22:**

For The Shipment Evergreen issued an "intermodal" through bill of lading meaning that it contemplated multiple modes of transportation, including ocean and rail carriage.

**RESPONSE:**

Although this request is directed to Evergreen, upon information and belief, Evergreen issued a non-negotiable Sea Waybill No. EISU025643005523 for two containers shipped from Shimisu to North Carolina.

**Plaintiff's Request #23:**

For The Shipment Evergreen charged freight fees which covered the ocean and rail stages of the intermodal transportation. Each waybill, EDI waybill, bill of lading, and pro relating to the ocean carriage of the subject shipment. (This request calls for production of the front and reverse side of each such document together with any attachments and documents said to be incorporated by reference).

**RESPONSE:**

UP neither admits nor denies. The request is directed to Evergreen for a response.

Dated: New York, New York
August 23, 2007

By:   /s/ Barry N. Gutterman
Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
Phone: (212) 983-1466
Fax: (212) 983-1229

Attorneys for Defendant
Union Pacific Railroad Company

To:  David L. Mazaroli (DM-2929)
11 Park Place – Suite 1214
New York, New York 10007-2801
Phone: (212) 267-8480
Fax: (212) 732-7352
Attorneys for Plaintiff

Jessica DeVivo, Esq. (JAD-6588)
Chichanowicz, Callan, Keane, Vengrow & Textor
61 Broadway, Suite 3000
New York, New York 10016
Phone: (212) 344-7042

Attorneys for Defendant Evergreen Marine Corporation

UP2718 Response to Request for Admissions