# EXHIBIT 8

MAZ. AFF.

Barry N. Gutterman, Esq. (BG6410)
Robert Briere Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendants
Union Pacific Railroad Company
And Evergreen Marine Corporation
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD.<br><br>                          Plaintiff,<br><br>against<br><br>EVERGREEN MARINE CORPORATION<br>and UNION PACIFIC RAILROAD CO.<br><br>                          Defendants. | **ECF Case**<br><br>**07 CV 3874 ECF**<br><br>**(Judge McMahon)** |

**DEFENDANT EVERGREEN MARINE CORPORATION'S
SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Evergreen Marine Corporation ("EMC") supplements their original response dated October 26, 2007 to the plaintiff's request for production of documents as follows:

1.      Each waybill, EDI waybill, bill of lading, and pro relating to the ocean carriage of the subject shipment. (This request calls for production of the front and reverse side of each such document together with any attachments and documents said to be incorporated by reference).

**RESPONSE:** The EMC Sea Waybill EISU029643005523 dated March 14, 2006 has already been produced. EMC B/L clause can be found online at http://www.evergreen-

EXCERPT                                           Exhibit _8_

34.     Documents which show that EMC gave the shipper, consignee, or owner of the shipment in suit the opportunity to declare the full value of the cargo and receive full value coverage as required by the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 11706).

**RESPONSE:** EMC objects to this request because COGSA is the controlling statute. See, EMC Sea Waybill EISU029643005523 dated March 14, 2006 which has already been produced. EMC B/L clause can be found online at http://www.evergreen-marine.com/tdi1/jsp/TDI1_Blclause.jsp# In this regard, we refer plaintiff to clause 7.

35.     Documents relating to investigations of the conduct of railroad employees who were involved in (a) the operation of the train which derailed; (b) the operation of the other train which was parked near the subject rail crossing at the time of the derailment; (c) the maintenance of the locomotive and rolling stock involved in the derailment; and (d) the maintenance of the track bed location  and crossing where the derailment occurred.

**RESPONSE:** EMC does not have any documents response to this request.

36.     Documents relating to disciplinary action relating to any railroad employees who were involved in (a) the operation of the train which derailed; (b) the operation of the other train which was parked near the subject rail crossing at the time of the derailment; (c) the maintenance of the locomotive and rolling stock involved in the

13

RESPONSE: Other than documents already produced or available on the internet, EMC

is searching its files to obtain any addition documents responsive to plaintiff's discovery

requests.   Upon receipt of any, same will be produced.   EMC reserves its right to

supplement its response as additional information, if any, becomes available.

**SUPPLEMENTAL RESPONSE:**   See attached.


46.    Documents showing that EMC informed the shipper, consignee or owner

of the shipment in suit, or any one of them, of the terms and conditions of the Master

Intermodal Transport Agreement ("MITA") at any time prior to the derailment which is

the subject of this action.

RESPONSE:  The EMC Sea Waybill EISU029643005523 dated March 14, 2006 has

already been produced. EMC B/L clause can be found online at http://www.evergreen-

marine.com/tdi1/jsp/TDI1_Blclause.jsp# EMC objects to this question because COGSA

is the controlling statute. In this regard, under 8(5)(c)(1) & (2) of the terms and

conditions of the EMC bill of lading, COGSA is also applied to the inland portion of

transit. If COGSA is held inapplicable, under 5(c) 2 of the terms and conditions of the

EMC bill of lading, the actual cargo shipper, consignee or owner of the Shipment, or any

one of them, could have requested a copy of the Master Intermodal Transport Agreement

("MITA 2-A"). No such request was ever made. However, EMC admits that it has no

such documents showing that it informed the actual cargo shipper, consignee, or owner of

the shipment of the terms and conditions of the MITA 2-A prior to the derailment.

47.     Documents showing that EMC informed the shipper, consignee or owner of the shipment in suit, or any one of them, of the terms and conditions of the Exempt Rail Transportation Agreement ("ERTA") at any time prior to the derailment which is the subject of these civil actions.

RESPONSE: The EMC Sea Waybill EISU029643005523 dated March 14, 2006 has already been produced. EMC B/L clause can be found online at http://www.evergreen-marine.com/tdi1/jsp/TDI1_Blclause.jsp# EMC objects to this question because COGSA is the controlling statute. In this regard, under 8(5)(c)(1) & (2) of the terms and conditions of the EMC bill of lading, COGSA is also applied to the inland portion of transit. If COGSA is held inapplicable, under 5(c) 2 of the terms and conditions of the EMC bill of lading, the actual cargo shipper, consignee or owner of the Shipment, or any one of them, could have requested a copy of the Exempt Rail Transportation Agreement ("ERTA"). No such request was ever made. However, EMC admits that it did not inform the actual cargo shipper, consignee or owner of the shipment of the terms of the ERTA.

48.     Documents showing that UP informed the shipper, consignee or owner of the shipment in suit, or any one of them, of the terms and conditions of the Master Intermodal Transport Agreement ("MITA 2-A") at any time prior to the derailment which is the subject of this action.

RESPONSE: EMC is not required to respond to this request since it is directed to another party.

SUPPLEMENTAL RESPONSE: MITA 2-A is on the UP website.

Dated: New York, New York
        November 9, 2007

By:   /s/ Barry N. Gutterman
Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
Phone: (212) 983-1466
Fax: (212) 983-1229

Attorneys for Defendants
Union Pacific Railroad Company
and Evergreen Marine Corporation

To:   David L. Mazaroli (DM-2929)
11 Park Place – Suite 1214
New York, New York 10007-2801
Phone: (212) 267-8480
Fax: (212) 732-7352
Attorneys for Plaintiff

UP2718.UP.Evergreens.Sup.Responses.Documents.11.9.07