# EXHIBIT 14

MAZ. AFF.



# Master Intermodal Transportation Agreement (MITA)

Union Pacific Exempt Circular MITA 2-A

(Cancels MITA 2)

Governing Rules Circular

Terms/Conditions for Transportation of Intermodal Shipments

THE TERMS AND PROVISIONS OF THIS MASTER INTERMODAL TRANSPORTATION AGREEMENT ARE SUBJECT TO CHANGE WITHOUT NOTICE.

Issued By:
G. H. Osler - Manager Pricing Services
K. A. Eymann - Manager Pricing Services

Union Pacific Railroad Company
1400 Douglas Street Omaha, NE 68179

Issued: February 22, 2006
Effective: March 1, 2006

MITA 2-A

EXHIBIT 5

Exhibit 5   Exhibit 14

|  MITA 2-A | Item: 310<br>MITA - ITEM 310 - CARGO LOSS & DAMAGE PROVISIONS |
|---|---|

GENERAL RULE ITEM 310

## CARGO LOSS AND DAMAGE PROVISIONS

A. <u>General Application:</u>

1. Provisions of this section take precedence over all other liability provisions contained in this publication, except where expressly modified.

2. In order to be eligible for filing of a loss and damage Claim under terms of this MITA, a party must first have tendered a Commodity for Intermodal shipment under an agreement or price document that refers to this MITA's terms and conditions.

3. Any matters not covered in this publication will be governed by the terms of the Uniform Bill of Lading, 49 U.S.C. Section 11706 (Carmack), and 49 C.F.R. Part 1005.

4. On domestic shipments that originate in the United States, Shippers may, at their option, select the liability provisions set forth in 49 U.S.C. Section 11706 (Carmack Liability, as provided in Item 320 below). If 49 U.S.C. Section 11706 is not selected, the liability provisions of this item will govern.

5. For Shipments moving into and out of Mexico on a single through Bill of Lading see the special liability provisions in the Mexico section.

B. <u>Blocking, Bracing and Cleaning Requirements:</u>

UPRR or any rail carrier party to an agreement that is subject to this MITA acceptance of a Shipment for transportation does not constitute a waiver of Shipper's responsibility to conform and comply with the terms and conditions of this agreement by UPRR. By tendering an Intermodal Unit to UPRR, Shipper expressly warrants that the Intermodal Unit is properly blocked and braced and in all manner conforms to the terms and conditions of this agreement and all shipping terms and conditions incorporated into this document by reference.

C. <u>Liability Provisions:</u>

1. UPRR will not be liable for loss, damage, delay or any other event beyond UPRR's control caused by an act of God, a public enemy, public offense, the authority of law, riots, strikes, acts of civil disobedience, acts of terrorism, the inherent quality or characteristic of the commodity, natural shrinkage, an act or default of the Shipper, owner or Receiver or for Shipments stopped and held Enroute or redirected at the request of the Shipper, owner or Receiver.

2. UPRR's liability will not exceed the actual amount of physical loss or damage sustained to the Commodity. Actual damages shall mean the cost to repair the Commodity, or in the event the Commodity is damaged beyond repair or is lost or stolen, the value of the Commodity at Origin plus transportation costs, not to exceed the liability limits set forth below. UPRR will not be liable for any of the following:

| Issued: February 22, 2006<br>Effective: March 1, 2006 | MITA 2-A | Page: 1 of 5<br>Item: 310<br>Continued on next page |

7022

(a) Special damages, consequential damages, indirect losses, retail value of Commodity, lost profits or punitive damages arising from loss, or damage; suspected contamination, or delay to cargo, or

(b) Any losses attributable to fluctuation in the market value of the Commodity.

(c) Any losses, direct or indirect, that result from an interruption of rail service.

(d) Unless otherwise specifically provided for in an separate agreement, subject to the terms and provisions of this MITA, UPRR does not guarantee rail service on any schedule.

(e) Interest or attorney fees.

UPRR's maximum liability for freight loss or damage will not exceed the liability of the billing party or the party tendering the cargo to UPRR. This MITA is intended for the benefit of the parties hereto and UPRR will not be responsible for damages claimed by any party not a party to this MITA, specifically third party beneficiaries.

3. UPRR'S MAXIMUM LIABILITY FOR THE CONTENTS OF ANY INTERMODAL UNIT WILL BE LIMITED TO THE ORIGIN VALUE OF THE COMMODITY, PLUS TRANSPORTATION COSTS OR TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), WHICHEVER IS THE LESSER OF THE TWO AMOUNTS. FURTHERMORE, UPRR SHALL NOT BE LIABLE FOR ANY LOSS OR DAMAGE TO OR IN CONNECTION WITH THE TRANSPORTATION OF COMMODITY IN AN AMOUNT EXCEEDING $10,000.00 PER PACKAGE OR IN THE CASE OF GOODS NOT SHIPPED IN PACKAGES, PER CUSTOMARY FREIGHT UNIT. ANY LIMITATION ON THE VALUE OF CLAIMS IMPOSED BY ANY OTHER RAIL CARRIERS, MOTOR CARRIER, MARINE CARRIER OR FREIGHT FORWARDER IS INCORPORATED AND MADE A PART OF THIS MITA; THE VALUE OF THE LOWEST MAXIMUM CLAIM AMOUNT SHALL APPLY.

4. Claims or lawsuits for less than Two Hundred Fifty Dollars ($250.00) shall not be filed and no Claim shall be paid if the amount of loss or damage is found to be less than Two Hundred Fifty Dollars ($250.00).

5. In the event anact or omission of any party involved in the transportation process (Shipper, carrier, or Receiver) is not the sole cause but contributes to any loss or damage, UPRR will be liable for only that portion of the loss or damage caused by UPRR negligence.

6. UPRR is not liable for temperature related losses unless mechanical protective service is requested and paid for, and carrier owned or leased mechanical protective equipment is used. (See Item 550 REFRIGERATED AND/OR FROZEN SHIPMENTS)

7. UPRR is not liable for loss or damage caused by defective equipment when such equipment is not owned or leased by UPRR.

8. Cargo loss and damage Claims presented to UPRR will be resolved for the account of all domestic U.S. and Canadian rail carriers involved in the transportation of Shipments moving under the authority of this MITA unless connecting UPRR's liability conflicts with the liability set forth in this MITA. In cases of such conflicts, UPRR reserves the right to resolve Claims solely on behalf of UPRR.

9. Unlocated loss or damages to international land transport shipments that do not break bulk or are not visibly checked at U.S. origin or port of entry are excluded from liability coverage under the terms of this MITA. Claims may be subject to compromise or declination unless clear and convincing evidence exists that loss or damage occurred during domestic rail transport.

Issued: February 22, 2006
Effective: March 1, 2006

MITA 2-A

Page: 2 of 5
Item: 310
Continued on next page

7023

10. UPRR's maximum liability for US inland loss or damage shall be limited to $500.00 per package as described in the Ocean Bill of Lading on international Shipments where the Shipper has released the Shipment under an Intermodal or Ocean Bill of Lading to the ocean carrier with a per package or customary freight unit limitation of liability applicable by agreement and/or pursuant to 46 U.S.C. Section 1304(5).

11. UPRR will not be liable for any amount in excess of Two Hundred Fifty Dollars ($250.00) per Shipment for internal revenue taxes paid or determined and customs duties paid on distilled spirits, wines, and beer previously withdrawn from bond, which were lost, rendered unmarketable, or condemned by a duly authorized official by reason of fire, flood, casualty, or other disaster, or breakage, destruction, or other damage (but not including theft) resulting from vandalism or malicious mischief, if such damage or disaster occurred within the United States, and if such distilled spirits, wines or beer were held and intended for sale at the time of such disaster or other damage.

12. UPRR liability for visible damage to the Intermodal Unit or theft, as evidenced by a Seal breach, shall terminate upon acceptance by the destination Drayman, as evidenced by a clear record on the Connecting Carrier or motor carrier Interchange document.

13. In the absence of any other evidence, a Seal breach will not create a presumption of loss to or contamination of the cargo.

14. for any Commodity that is in an Intermodal Unit that has been loaded so that the combined weight of the Intermodal Unit and the Commodity exceed 65,000, or violates any federal, state, or local law, statute, ordinance, or regulation. Shipper agrees to reimburse UPRR or any rail carrier party to any agreement or document that refers to this MITA under which the Commodity moved for any fines or costs relating to overweight loads.

15. UPRR will not be responsible for loss or damage to any food or Commodity shipped in porous packaging. No Claims will be paid for freight loss, contamination or damage that occurs to any Commodity that is not shipped in sealed and non-porous packages or materials.

16. No Claim will be paid for any Commodity that is placed into a defective Container when the defect could have been discovered by inspection or reasonable diligence of the origin Shipper or its Agent.

D. **Loss or Damage Verification and Disposition Provisions:**

1. UPRR has the right to open units at any time to inspect, weigh or reject Shipments at origin, Enroute or at destination.

2. UPRR reserves the right to inspect damaged cargo. In the event UPRR has notified Shipper or receiver that UPRR is invoking this right, as a condition precedent to recovery of any Claim, the Receiver must retain the damaged Commodity as discovered in the Intermodal Unit until released by UPRR. The Receiver must immediately notify UPRR upon discovery of any damage and allow destination rail carrier or its Agent to inspect the Commodity.

3. Failure by UPRR to inspect damaged Commodity for whatever reason will not relieve the burden of the claiming party to establish that the Commodity was received in a damaged condition nor will it be considered an admission of liability by UPRR.

4. Shippers and/or Receiver must take all reasonable steps to mitigate their damages by accepting damaged cargo unless it is of no value or is without salvage value. Shippers and/or Receivers may not abandon Shipments to UPRR that are damaged, partially damaged or those that retain any salvage value. UPRR may offer Customers who retain damaged cargo an allowance. Such allowances are granted to assist in mitigating losses and do not establish UPRR liability. Undamaged cargo that is abandoned to UPRR shall be sold for the account of

Issued: February 22, 2006
Effective: March 1, 2006
MITA 2-A
Page: 3 of 5
Item: 310
Continued on next page

7024

whom concerned and salvage proceeds; less any UPRR expenses incurred in salvage, shall be remitted to the Beneficial Owner. Undamaged cargo sold as salvage by any other party will be for the account of the Shipper, Receiver, or Beneficial Owner and UPRR will not assume any liability for same. Undamaged Commodity sold as salvage by any other party will be for the account of the Shipper, Receiver, or Beneficial Owner and UPRR will not assume any liability for same.

5. Any Commodity or Intermodal Unit that is left on the UPRR's property in excess of sixty (60) days of the release date will be considered abandoned and the contents forfeited to UPRR.

E. Process to File a Claim:

1. As a condition precedent for payment of a Claim, fully completed Claim forms must be filed in writing, via fax, or via EDI within nine (9) months of the delivery date or in the event of non-delivery, a reasonable time for delivery. Insufficient or incomplete Claim forms or a Claim not meeting the requirements set forth below will not preclude the rejection of a Claim for being filed out of time.

2. Such written or electronic communication shall comply with the minimum requirements contained in 49 C.F.R. 1005.2(b), incorporated herein by this reference.

3. Only the Beneficial Owner, Shipper, or Customer in a contract, price document, or agreement making reference to this MITA, or a designated Assignee may submit Claims hereunder. The Claim provided to UPRR must include the following information:

    (a) A demand for payment of a specific amount and verification of the amount claimed with original invoice or repair bills.

    (b) Information identifying the rail Shipment including equipment initials and number, Shipper and Receiver's name, Intermodal Unit number, Waybill number, shipping date, and Commodity description and STCC identification number.

    (c) Origin records as to the condition and quantity of the Commodity at the time tendered to the origin rail carrier.

    (d) Origin Seal records must be furnished along with the Interchange document at the time of delivery of the sealed Intermodal Unit to the origin rail carrier.

    (e) Destination records as to the condition and quantity of the Commodity at the time it was received from the destination rail carrier.

    (f) Destination Seal records must be furnished along with the Interchange document from the destination rail carrier.

    (g) Evidence as to the disposition of the damaged Commodity.

    (h) Evidence that Shipment was loaded in compliance with applicable provisions of this MITA.

    (i) U.S. Customs records from the point that the Commodity cleared U.S. Customs indicating the Commodity condition, quantity, declared value and Seal record.

    (j) Documentation that provides evidence of the assignment of Beneficial Owner's, Shipper's or Customer's rights hereunder to an Assignee.

4. All loss and damage Commodity Claims filed with UPRR must be filed in writing at:

    UPRR Damage Prevention Services

---

Issued: February 22, 2006
Effective: March 1, 2006

MITA 2-A

Page: 4 of 5
Item: 310
Continued on next page

7025

111 South Magnolia Street
Palestine, TX 75801
Phone: 1-800-521-3253
Fax: 1-903-731-7708 or 1-800-527-3036.

5. UPRR reserves the right to deny any Claim that is incomplete or does not contain all of the aforementioned documentation.

F. **Placement of Seal**

(Cancelled. For provisions to apply, see item 340)

| | | | |
|---|---|---|---|
| Issued: | February 22, 2006 | MITA 2-A | Page: 5 of 5 |
| Effective: | March 1, 2006 | | Item: 310 |
| | | | Concluded on this page |

7026



| MITA 2-A | Item: 320<br>CARMACK LIABILITY |
|---|---|

### CARMACK LIABILITY

49 U.S.C. Section 11706 provides for full-value liability and other liability terms for UPRR and the Shipper. In order for a Shipment to be subject to the terms of 49 U.S.C. Section 11706 it must comply with all of the following provisions:

A. Shipper must notify UPRR's Damage Prevention Department in writing to the above address, or via fax at (402) 233-3346, no less than 5 working days in advance of the Shipment being In-Gated at the Intermodal Terminal that the Shipper chooses Carmack liability protection, and

B. On Shipments that Shipper requests full-value (Carmack) liability protection Shipper must prepay the Carmack rate. The Carmack rate will be the Freight All Kinds (FAK) rate multiplied by 250%. This Carmack rate will apply unless special written pricing authority is obtained by contacting its UPRR Marketing and Sales Representative or Damage Prevention Services (see Item 310 (E 4)). Failure by Shipper to provide a written agreement, prior to the Shipment being In-gated at the Intermodal Terminal or interchanged from a Connecting Carrier, evidencing that UPRR has agreed to provide Carmack Liability for any specified Shipment shall relieve UPRR from any obligation in excess of the liability limits set forth in Item 310 CARGO LOSS AND DAMAGE PROVISIONS.

C. Carmack Liability protection is not available for Shipments moving under FAK rates.

D. Carmack liability coverage is not available for any Shipments that originate outside the borders of the United States of America.

| Issued: February 22, 2006<br>Effective: March 1, 2006 | MITA 2-A | Page: 1 of 1<br>Item: 320<br>Concluded on this page |
|---|---|---|

7027