Barry N. Gutterman, Esq. (BG6410)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendants
Union Pacific Railroad Company
and Evergreen Marine Corporation
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD.<br><br>                                Plaintiffs<br><br>v.<br><br>EVERGREEN MARINE CORPORATION and UNION PACIFIC RAILROAD COMPANY<br><br>                                Defendants. | ECF Case<br><br>**07 CV 3874**<br>**(Judge McMahon)** |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY**
**AND EVERGREEN MARINE CORPORATION'S**
**NOTICE OF CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE COLLEEN MCMAHON, TO MITSUI AND ITS

COUNSEL OF RECORD:

    PLEASE TAKE NOTICE THAT Defendant Union Pacific Railroad Company

("UP") and Evergreen Marine Corporation ("Evergreen") hereby cross move against

plaintiff Mitsui Sumitomo Insurance Company's ("Mitsui's") for Partial Summary

Judgment asking this court to adjudicate the following issues in UP and Evergreen's

favor which will entitle them to relief under the affirmative defense in their respective

answers entitling them to enforce the limitations of liability in the relevant contracts of

carriage and at law i.e. UP's Answer at 5th Affirmative Defense; Evergreen's Answer at Evergreen's 1st Affirmative Defense (that COGSA and the limitations in the Waybill apply.) (Maz. Aff. Exs. 2 and 3.) To that end, UP presents the following key issues for resolution by this court:

1. That UP's contract with its shipper Evergreen governing the shipment at issue was expressly made pursuant to 49 U.S.C. §10709 which takes the shipment entirely outside of the regulatory scheme of 49 U.S.C. §10101 et seq. including the Carmack Amendment[1] and the Staggers Amendment.[2]

2. There is no requirement that a railroad offer alternative Carmack Amendment terms to its shipper under a 49 U.S.C. §10709 contract.

3. Maritime Law governs this shipment and mandates enforcement of the $500 per package limitation of liability.

4. If the court finds against UP and Evergreen on their right to recover the $500 per package limitation of liability, UP and Evergreen are entitled to enforce the 2 SDR per kilo of cargo limitation of liability in the Evergreen through bill of lading.

5. UP and Evergreen are entitled to a ruling that their damages are limited to the number of packages of damaged cargo (165) multiplied by the $500 per package limitation of liability. That calculation yields a cap on liability at $82,500.

---

[1] The Carmack Amendment to the Interstate Commerce Act of 1887, hereafter "Carmack" or "Carmack Amendment," Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) is now codified at 49 U.S.C. section 11706 (as it pertains to rail carriers).

[2] 49 U.S.C. section 10502, the "Staggers Amendment" to the (former) Interstate Commerce Act.

      Alternatively, UP and Evergreen are entitled to enforcement of the 2 SDR per kilo (35,234 kilograms ) of damaged cargo package limit of liability in Evergreen's Sea Waybill.  That calculation from the date of the derailment on April 5, 2006 yields an alternative cap on damages of $102,129.27.

6.    There are no ambiguities as to the limitations of liability in the governing contracts as both the ocean and rail contracts specify that a $500 per package limitation shall apply on an international shipment to the United States.

      This motion is based on this Notice of Motion, UP and Evergreen's Memorandum of Law submitted concurrently herewith in support of this motion and in opposition to plaintiff's Motion, upon UP's Rule 56.1 Statement and its responses in opposition to Mitsui's Rule 56.1 Statement, upon the Affidavit of Terry D. Sheldon, Evergreen's Affidavits of Patrick Chen and Livia Kuo, and Affidavit of Barry N. Gutterman, and all prior pleadings and proceedings herein.

Dated:  New York, New York
        March 7, 2008

                                    Respectfully submitted.

                                    /s/ <u>Barry N. Gutterman</u>
                                   Barry N. Gutterman (BG 6410)
                                   Barry N. Gutterman & Associates, P.C.
                                   60 East 42nd Street - 46th Floor
                                   New York, New York 10165
                                   (212) 983-1466
                                   BNGASSC@AOL.COM
                                   For Defendants Union Pacific Railroad
                                   Company and Evergreen Marine Corporation

To:   David L. Mazaroli (DM-2929)
      11 Park Place – Suite 1214
      New York, New York 10007-2801
      Phone: (212) 267-8480
      Fax: (212) 732-7352
      Attorneys for Plaintiff

UP2718.Notice of Cross Motion

4