Barry N. Gutterman, Esq. (BG6410)
Robert Briere Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendants
Union Pacific Railroad Company
and Evergreen Marine Corporation
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD.<br><br>                        Plaintiffs<br><br>v.<br><br>EVERGREEN MARINE CORPORATION and UNION PACIFIC RAILROAD COMPANY<br><br>                        Defendants. | ECF Case<br><br>07 CV 3874<br>(Judge McMahon) |

**AFFIDAVIT OF BARRY N. GUTTERMAN IN SUPPORT OF UP AND EVERGREEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF UP AND EVERGREEN'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

State of New York    )
                            ) ss:
County of New York  )

Barry N. Gutterman, declares the following facts to be true and correct and known to him personally.

I, Barry N. Gutterman, declare the following facts to be true and correct and known to me personally. I am counsel for defendants Union Pacific Railroad Company ("UP") and Evergreen Marine Corporation ("Evergreen") in the above captioned action.

1. I am attorney of record for Union Pacific in the case of *Sompo Japan Ins. Co. v. Union Pacific Railroad Co.*, No. 03-1604 (CM), 2007 WL 2230091 (S.D.N.Y., Aug. 2, 2007)(appeal filed). In that case, UP raised the section 10709 issue for the first time on remand. Judge McMahon held on remand that the district court was without authority to consider UP's section 10709 argument due to the limited scope of the Second Circuit's remand order.

2. I am also counsel of record for UP on the case of *Sompo Japan Ins. Co. and Asho v. Union Pacific Railroad Co.*, No. 02-9523 (DB) which is currently on appeal to the Second Circuit. Judge Batts, in her opinion granting summary judgment to Sompo in that case did not consider or determine the issue in that case relating to the application of 49 U.S.C. section 10709.

3. In drafting paragraph 18 of UP's Answer to Mitsui's initial and amended complaints, I mistakenly stated that UP "admits" the allegations. I was mistakenly believing that I was only admitting for UP the fact that UP had not paid the amounts alleged in that paragraph. This was a drafting mistake as evidenced by the remaining portions of UP's and Evergreen's answers to the complaint and amended complaint, as well as in their responses to discovery. UP denied that it was liable for the damages sought in the complaint and amended complaint. (See UP's Answer to Plaintiff's initial complaint and its amended complaint at ¶ 26 (liability as carrier and freight forwarder denied); ¶28 (liability as bailee denied); ¶31 (liability for willful conduct and

negligence denied); ¶33 liability for breach of contract denied). The answer to Mitsui's Amended Complaint, which is the only operative answer, is attached as Exhibit 2 to Maz. Aff. in support of Mitsui's moving papers   Evergreen, in its Answer to Plaintiff's initial and amended complaints, denied all of the same allegations and also those of paragraph 18 regarding joint and several liability of UP and Evergreen for $440,275.57. See Evergreen's Answer to the Amended Complaint which is the only operative answer at ¶¶ 18, 26, 28, 33. This Answer is attached as Exhibit 3 to Maz. Aff. submitted by Mitsui in support of its motion. UP and Evergreen, moreover, asserted as an affirmative defense in their answers that they are entitled to the benefit of any statutory or contractual limitations of liability and that "plaintiff may not recover in excess of such limitations." (UP's Answer at 5th Affirmative Defense; Evergreen's Answer at Evergreen's First Affirmative Defense (that COGSA and the limitations in the Waybill apply.) (Maz. Aff. Exs. 2 and 3.) Finally, both UP and Evergreen jointly responded to Mitsui's Request for Admission Number 11 with a denial of joint and several liability. (See Exhibit 7 to Maz. Aff. at Number 11, page 5.)

I swear that the foregoing is true and correct and known to me personally and that if called upon to do so, I would and could testify thereto competently in a court of law. Sworn to under penalty of perjury under the laws of the State of New York this 6th date of March, 2008 in New York, New York.

Barry N. Gutterman

Sworn to before me

this 6th date of March, 2008

_____
Notary Public

JACQUES LOUIS DEBROT
Notary Public, State of New York
No. 31-4521606
Qualified in New York County
Certificate Filed in New York County
Commission Expires 7-31-2010