Barry N. Gutterman, Esq. (BG6410)
Robert Briere Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendants
Union Pacific Railroad Company
and Evergreen Marine Corporation
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD.<br><br>Plaintiffs<br><br>v.<br><br>EVERGREEN MARINE CORPORATION and UNION PACIFIC RAILROAD COMPANY<br><br>Defendants. | ECF Case<br><br>07 CV 3874<br>(Judge McMahon) |

**AFFIDAVIT OF PATRICK CHEN OF EVERGREEN'S MARINE DEPARTMENT IN
SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF
UP AND EVERGREEN'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

State of New Jersey   )
                     ) ss:
County of Hudson     )

Patrick Chen, declares the following facts to be true and correct and known to him personally.

1. I am the Supervisor in the Intermodal Department for Evergreen Marine Corporation ("Evergreen") and have held that position since before the shipment at issue in the above referenced case. As Supervisor, my primary duties have been to negotiate with

1

the Railroad the terms for the Exempt Rail Transportation Agreement ("ERTA") and MITA relating to shipments arranged by Evergreen.

2. I have personally reviewed and am familiar with UP's then applicable MITA 2-A and UP's then applicable Exempt Rail Transportation Agreement ("ERTA") with Evergreen as well as the EDI transmissions made between Evergreen and UP relating to the shipment at issue. I make the statements herein based on that personal knowledge.

3. Evergreen subcontracted with UP to move the cargo from Los Angeles to Statesville under UP's Exempt Rail Transportation Agreement DER-UP-C-913A, (hereafter "ERTA"). Evergreen is a signatory to ERTA. Evergreen's EDI transmission to UP identified this contract, calling it DER 000913, meaning UP's Exempt Rail Transportation Agreement DER-UP-C-913A ("ERTA"), as the applicable contract for the movement while on UP's line. The ERTA specified UP's then applicable Exempt Circular 20 series would apply. [Ex. 1 at ¶ 3, page 1.] Both the ERTA and MITA 2-A were in Evergreen's possession prior to and at all times during the shipment. MITA 2-A was also at all relevant times available for public viewing on UP's website at www.UP.com. Asmo, Evergreen's shipper for the international movement at issue, never requested a copy of ERTA or MITA 2-A from Evergreen prior to or during the shipment. Although Evergreen arranged for the subcontracted rail carriage of the shipment by UP, Evergreen did not itself provide the actual rail carriage of the shipment, is not itself a rail carrier, owns no railroad tracks, owns no locomotives, operates no trains and is not licensed to operate as a railroad. Evergreen is an ocean carrier, owning and operating seagoing vessels.

4.  Evergreen carried the shipment over 5400 miles from Shimizu to Los Angeles were UP-received the shipment and issued two electronic data interchange "EDI" receipts or waybills for the movement. Attached hereto and marked Exhibit 2 is a true and correct copy of UP's EDIs for the shipment. Evergreen sent an EDI to UP to commence the shipping arrangements with UP and on that EDI information, Evergreen specified that the two containers at issue in this case were to be carried under "DER 000913" which is Evergreen's specification for UP's Exempt Rail Transportation Agreement DER-UP-C-913A. UP then prepared and sent a copy of its two EDIs (one for each of the subject containers) to Evergreen confirming its agreement to carry the two containers under ERTA. The cargo was damaged in a derailment on UP's line.

5.  UP's then applicable exempt circular 20 series was UP's MITA 2-A. MITA 2-A states that it was entered into under 49 USC section 10709:

> "This MITA and any agreements, price documents or contracts that reference this MITA have been made under 49 USC section 10709"

[See Exhibit 3, which is a true and correct copy of the relevant pages of UP's MITA 2-A, at Item 110(D).]   UP's MITA 2-A provides that:

> "UPRR's maximum liability for US inland loss or damage shall be limited to $500.00 per package as described in the Ocean Bill of Lading on International Shipments where the Shipper has released the Shipment under an Intermodal or Ocean Bill of Lading to the ocean carrier with a per package or customary freight unit limitation of liability applicable by agreement and/or pursuant to 46 U.S.C. Section 1304(5)."

[Exhibit. 3, Item 310 (C)]

I swear that the foregoing is true and correct and known to me personally and that if called upon to do so, I would and could testify thereto competently in a court of law. Sworn to under penalty of perjury under the laws of the State of New Jersey this March 4, 2008 in Jersey City, New Jersey, USA

                                       _____
                                       Patrick Chen, Supervisor Intermodal
                                       Department
                                       Evergreen Marine Corporation