David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO. LTD.  : | |
| Plaintiff,    : | 07 Civ. 3874 (CM) |
| - against -    : | |
| EVERGREEN MARINE CORPORATION;    : <br> UNION PACIFIC RAILROAD COMPANY; | |
| : | |
| Defendants. | |
| : | |

-----------------------------------------------------------------x

**PLAINTIFF'S STATEMENT OF THE ELEMENTS OF ITS CLAIM**

Pursuant to Paragraph 3 (E)(ii) of the Individual Practices of the Honorable Colleen McMahon plaintiff respectfully submits the following as the statement of the elements of its claims:

A.    Liability

Plaintiff seeks to recover $378,535.39 for damage to a 165 carton shipment of auto parts ("the Shipment") as a result of a derailment during the domestic rail stage of foreign origin intermodal transportation.

The liability aspects of plaintiff's claim are undisputed. Defendant Union Pacific Railroad Company ("UP") has assumed the defense of defendant Evergreen Marine Corp. ("Evergreen")  and has admitted liability to plaintiff. (Stipulated Facts ("SF") No. 50, 51). In addition defendants have admitted that (a)  the derailment caused damage and loss to the Shipment; (b) the derailment was not caused by events which give rise to a defense

or exception to liability; and (c) part of the shipment was rendered unfit for intended usage as a result of the derailment. (S.F. 35-45)

The stipulated facts also establish that (a) plaintiff's subrogor was the FOB purchaser and owner of the shipment; (b) plaintiff is the subrogated insurer of the shipment having paid the $422,129.33 insurance claim arising from the derailment; and (c) plaintiff is the real party in interest with title and standing to sue. (SF Nos. 2, 5, 8, 46-49 ). Plaintiff is entitled to judgment as matter of law on the issue of defendants' liability.

    B.    Limitation of Liability

As limitation of liability is an affirmative defense, defendants have the burden of proving the elements of the defense. As set forth in the submissions in support of plaintiff's motion for partial summary judgment, defendants did not offer, through the sea waybill, or otherwise, an opportunity for the cargo interests to receive full Carmack Amendment liability and full coverage for loss. In fact the MITA 2-A defendants rely on excluded Carmack coverage for foreign origin shipments such as the shipment in suit. (S.F. 23-26, 56) The facts herein are similar to the *Sompo* line of cases in which Judge McMahon, Judge Batts, Judge Chin and Judge Schwartz denied limitation of liability to the rail carrier defendants. *See Sompo Japan Insurance Co. of America v. Union Pacific Railroad Co.*, 456 F.3d 54 (2d Cir. 2006); *Sompo,* 2007 WL 2230091 (S.D.N.Y. August 2, 2007)(appeal filed); *Sompo Japan Insurance Co. of America v. Union Pacific Railroad Co.,* 02-9523(DAB), 2007 WL 4859462 (SDNY Sept. 26, 2007) (appeal filed); *Sompo Japan Insurance Co. of America v Norfolk Southern Railway* Co., 07-2735(DC), 2008 WL 732011 (S.D.N.Y. March 20, 2008); *Tamini Trasformatori S.R.L. v. Union Pacifc R.R.*, No. 02 Civ. 129(AGS), 2003 WL 135722 (S.D.N.Y. Jan. 17, 2003).

C.     Damages

Plaintiff seeks to recover damages in the amount of $378,535.39, for that portion of the shipment which sustained damage or loss, plus prejudgment interest and costs. The elements of plaintiff's damages are as follows:

| | |
|---|---:|
| Invoice value of cargo loss/damage: | $382,415.06 |
| Segregation costs: | $1,191.36 |
| Storage Charges: | $1,250.00 |
| X-ray fees: | $115.28 |
| Segregation for scrap sale: | $1,094.00 |
| Less scrap proceeds: | ($10,777.20) |
| Survey fees: | $3,246.89 |
| Total: | $378,535.39 |

The invoice value of the damaged and missing items represents the fair market value of the claimed cargo.  Plaintiff's subrogor acted reasonably in the inspection, segregation, representative x-raying, and disposal of the damaged items and took reasonable steps to mitigate the loss resulting from the derailment.  The claimed incidental expenses were reasonably incurred.  The claimed damages in the amount of $378,535.39 represent the amount of loss actually sustained by plaintiff and its subrogor as a result of the derailment.

D.     Interest

The parties have stipulated that plaintiff is entitled to prejudgment interest at the rate 9% per annum from the date of the derailment. (See Joint Pretrial Order ¶¶ I and II)

3

Dated:  New York, New York
        April 24, 2008

                                       LAW OFFICES,
                                       DAVID L. MAZAROLI

                                           *s/David L. Mazaroli*
                                By_____
                                   David L. Mazaroli (DM-3929)
                                   Attorney for Plaintiff
                                   11 Park Place-Suite 1214
                                   New York, New York  10007
                                   Tel: (212)267-8480
                                   Fax: (212)732-7352
                                   E-mail: dlm@mazarolilaw.com
                                   File No.: 7MSI-1491